[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a collection action involving equipment rentals in which the plaintiff, Rate Corporation, Inc., formerly known as Rent-A-Tool Equipment Corp., has filed motion #131 to disqualify Attorney Joseph L. Gerardi from continuing to represent the defendants, Sal Longo, Sr., Sal Longo, Jr., Anthony Longo and Sal Longo Son Partnership. The basis for the motion is that Attorney Gerardi represented the plaintiff for eight years between 1988 and 1996 in collection matters similar to this case in which he is now representing the defendants. The plaintiff further contends that during those years, Attorney Gerardi was familiar with all of its records, including accounting procedures and bookkeeping.
The motion to disqualify is based on Rule 1.9 of the Rules of Professional Conduct, which provides in pertinent part that a lawyer who has "formerly represented a client in a matter shall not thereafter: (1) represent another person in the same or a substantially similar matter in which that person's interests are materially adverse to the interests of the former client . . . or (2) use information relating to the representation to the disadvantage of the former client . . ." The plaintiff contends that this collection matter is substantially similar to the many collection matters the attorney handled for the plaintiff during his six years of representation, and also that he will be able to use information regarding the accounting and bookkeeping practices of the plaintiff.
Conflict of interest involving an attorney was discussed in Bergeronv. Mackler, 225 Conn. 391, 623 A.2d 489 (1993). "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the
CT Page 13950
benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 397-98. "Although considering the appearance of impropriety may be part of the inherent power of the court to regulate the conduct of attorneys, it will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." Id., 399-400.
The test of whether the current matter is "substantially related" to matters that the attorney worked on for the previous client "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same." Bergeron v. Mackler, supra, 225 Conn. 398-99.
"A subsequent matter is substantially related to an earlier matter . . . if there is a substantial risk that the subsequent representation will involve the use of confidential information of the former client obtained in the course of the representation. . . . Substantial risk exists where it is reasonable to conclude that it would materially advance the client's position in the subsequent matter to use confidential information obtained in the prior representation." The Law Governing Lawyers, Restatement 3d, § 132, p. 380-81. "Matters are `substantially related' for purposes of this Rule if they involve the same subject matter or if there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." ABA Ethics 2000 Commission on the Evaluation of the Rules of Professional Conduct, November 2000 Report, Rule 1.9, comment 3.
It should also be noted that the party moving to disqualify counsel bears the burden of proof that there are grounds for disqualification.Connecticut National Bank v. Rytman, No. X01-CV 87-0159941,2001 Ct. Sup. 6976 (May 25, 2001, Hodgson, J.) Another factor to consider is "[t]he length of time which elapses between the claimed adverse representations. . . ." Knights of Columbus Federal Credit Unionv. Salisbury, 3 Conn. App. 201, 205, 486 A.2d 649 (1985). The court inCapozziello v. Capozziello, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305428 (December 15, 1997,
CT Page 13951
Kavanewsky, J.), found that the standards for attorney disqualification "may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings." Id., quoting Bergeron v. Mackler, supra, 225 Conn. 400. The court felt that since it had been seven years since the attorney represented the plaintiff, it was doubtful that any information imparted by the plaintiff to [the attorney] would be "current or useful." Capozziello v.Capozziello, supra, Superior Court, Docket No. 305428.
In opposing the motion to disqualify, Attorney Gerardi filed an affidavit that during his representation of the plaintiff he never went to its premises or reviewed their bookkeeping methods and never got involved in reviewing its accounting practices. The attorney also contends that each collection case has different facts and one is not substantially similar to another such case. In addition, Attorney Gerardi avers that he began representing the defendants in 1993, and also that any confidential information he received while representing the plaintiff was "case specific" and not applicable to this present litigation.
This is admittedly a close case but what tilts the balance in favor of the plaintiff's motion is the counterclaim filed by Attorney Gerardi on behalf of his clients, the defendants. In this counterclaim, it is alleged that the defendants had "overpaid" the plaintiff. The counterclaim also states that the defendants began to rent equipment from the plaintiff in April of 1993, and refers to payments by the defendants for the leased equipment beginning in March of 1995, both years during which the attorney was representing the plaintiff. It is not implausible to infer that during those years the attorney was privy to information about the plaintiffs billing practices and problems, if any, with over billing and overpayments, which gives the defendants in this litigation a real advantage.
Combining that point with the close relationship between the collection cases pursued by the attorney on behalf of the plaintiff and this collection case involving the old client and now the newer client leads to the conclusion that disqualification is the preferred course. All the cases are based on the same rental agreement. While there are different lessees and different equipment involved, it seems clear that the defenses of the lessees would, for the most part, involve either defective rental equipment or claims of overpayment, the latter being involved in the present case.
This court finds therefore that the plaintiff has established that the issues involved in the prior representation and those involved in the
CT Page 13952
current representation are substantially related. The relationship between the prior cases and this case is sufficiently clear as to disqualify the defendants' chosen counsel. This close relationship results in a presumption that the attorney received confidential information from the former client. Bergeron v. Mackler, supra,225 Conn. 399 ("Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed.")
Attorney Gerardi's representation of the defendants violates rule 1.9 of the Rules of Professional Conduct. The motion to disqualify is granted because, to sum up, the defendants' interest in the free selection of the counsel of their choice is outweighed by the plaintiffs interest in protecting confidential information. See Bergeron v. Mackler, supra,225 Conn. 398.
Dated at Stamford, Connecticut, this 30th day of October, 2002.
 ___________________ William B. Lewis, Judge (T.R.)
CT Page 13953